The Honorable John Lewellen State Representative 1922 Wolfe Street Little Rock, AR 72202-6046
Dear Representative Lewellen:
This is in response to your request for my opinion on the following question:
 Based on Act 941 of 2001, is the University of Arkansas at Little Rock (UALR) restricted to contract only with the National Association of Minority Contractors [ARNAMC] in the provisions of the services provided in Section 1?
RESPONSE
The legislation is unclear regarding whether UALR is committed to channel all the appropriated funds to ARNAMC in the form of payments under contract. However, subsections 1(B) and (D) specifically direct that ARNAMC should receive the "grant" funds recited therein.
Section 1 of Act No. 941 of 2001 provides:
 SECTION 1. APPROPRIATIONS — SMALL CONTRACTOR'S MENTORING PILOT PROGRAM.
 There is hereby appropriated, to the University of Arkansas at Little Rock — Construction Management Program, to be payable from the General Improvement Fund or its successor fund or fund accounts, the following:
 (A) For personal services from the Small Contractor's Mentoring Pilot Program, the sum of . . . . . . . . . . . . . . . . . . . . $150,000.
 (B) For a grant for personal services to the National Association of Minority Contractors Arkansas Chapter (ARNAMC) for the Small Contractor's Mentoring Pilot Program, the sum of . . . . . . $305,110.
 (C) For the administration and program services for the development of more qualified Minority Business Enterprises, Disadvantaged Business Enterprises and Historically Under-utilized Businesses that specialize in construction for the Small Contractor's Mentoring Pilot Program the sum of . . . $365,940.
 (D) For a grant to the National Association of Minority Contractors Arkansas Chapter (ARNAMC) for program services for the development of more qualified Minority Business Enterprises, Disadvantaged Business Enterprises and Historically Under-utilized Businesses that specialize in construction for the Small Contractor's Mentoring Pilot Program, the sum of . . . $152,860.
Several constitutional provisions bear on the application of this statute. Article V, § 29 of the Constitution provides:
 No money shall be drawn from the treasury except in pursuance a specific appropriation made by law, the purpose of which shall be distinctly stated in the bill, and the maximum amount which may be drawn shall be specified in dollars and cents; and no appropriations shall be for a longer period than two years.
Article XVI, § 12 further dictates that "[n]o money shall be paid out of the treasury until the same shall have been appropriated by law, and then only in accordance with said appropriation." As these provisions suggest, the money appropriated in Act 941 may be put only to the specified uses.
I am unable to determine from reviewing Section 1 of this legislation whether all of the anticipated relationships will necessarily involve ARNAMC or its members. The appropriation authorized in subsection 1(A) is to UALR "[f]or personal services from the Small Contractor's Mentoring Pilot Program." My inquiries suggest that UALR faculty plan to participate directly in administering this program, and I assume the term "personal services" refers to the faculty's efforts. In any event, the appropriation in this subsection makes no mention of any contract with ARNAMC. This same conclusion applies to subsection 1(C), which appropriates money to UALR for the recited purposes without any reference to ARNAMC or its members. However, the appropriations set forth in subsections 1(B) and (D) are unambiguously committed to ARNAMC, although the use of the term "grant" in these subsections suggests that the intended relationship between ARNAMC and UALR might differ from the contractual relationship referenced in your request.[1]
I am neither able nor authorized to answer the factual question of what precisely the legislature intended in making these appropriations. However, I can and will opine that Act 941 on its face declares that ARNAMC and only ARNAMC should receive the funds earmarked in subsections 1(B) and (D), assuming such funds are actually expended.
Assistant Attorney General Jack Druff prepared the foregoing, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:JD/cyh
[1] I am somewhat confused by the indirection of appropriating money to UALR subject to a condition that it be "granted" to another entity as apparent consideration for a contract. As a matter of constitutional law, the legislature might have directly granted money to ARNAMC, which I assume is a private entity, so long as the grant served a public purpose. See Chandler v. Board of Trustees, 236 Ark. 256, 258,365 S.W.2d 447 (1963); Ark. Ops. Att'y Gen. Nos. 2000-157; 96-320. However, the very concept of a grant seems inconsistent with that of a contract. Moreover, I feel some concern that it might offend the separation of powers doctrine set forth at Ark. Const. art. IV, §§ 1 and 2 for the legislature to dictate to an executive agency that it contract with a particular entity in administering one of its programs.